UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:26-cv-1402

MARIA CASTRO,

     Plaintiff,

v.

ION LABS, INC.,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, MARIA CASTRO (hereinafter, "CASTRO" or "Plaintiff"), by and through her undersigned counsel, brings this action against Defendant, ION LABS, INC. (hereinafter, "ION" or "Defendant"), and alleges as follows:

### Preliminary Statement

1. This is an action for damages and other relief arising from Defendant's interference with Plaintiff's rights under the FMLA and retaliation against Plaintiff for exercising or attempting to exercise her FMLA rights.

2. Plaintiff was an eligible employee under the FMLA who suffered from a serious health condition. Defendant terminated Plaintiff's employment shortly after she requested intermittent FMLA leave and took time off work due to her serious health condition, in violation of the FMLA.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically the FMLA, 29 U.S.C. §§ 2601, et seq. This Court also has jurisdiction pursuant to 29 U.S.C. § 2617(a)(2), which provides a private right of action to enforce the FMLA.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Pinellas County, and Defendant maintains its principal place of business in this District.

## Parties

5. Plaintiff CASTRO is an individual residing in Pasco County, Florida, within the jurisdiction of this Court. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

6. Defendant ION is a Florida Profit Corporation duly registered under the laws of the State of Florida, with its principal place of business at 8031 114th Avenue, Suite 4000, Largo, Florida 33773.

7. At all relevant times, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4), as it is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or

preceding calendar year. Defendant employs over 100 employees at its Largo, Florida facility.

<u>Factual Allegations</u>

8. Plaintiff CASTRO is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant ION.  Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

9. Corporate Defendant ION is a pharmaceutical lab specializing in contract development and the manufacturing of innovative and complex formulations of dietary supplements.  Defendant has facilities at 8031 114th Avenue, Suite 4000, Largo, Florida 33773, where Plaintiff worked.

10. Defendant ION is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered Employer within the meaning of the FMLA.

11. Plaintiff, CASTRO, was employed by Defendant ION from approximately April 17th, 2017 to March 23rd, 2026, or approximately 9 years.

12. Plaintiff worked as a Banding Machine Operator for the Defendant.  During her employment, Plaintiff was paid at the hourly rate of $19.10 per hour.

13. Throughout her employment with Defendant, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and

qualifications for the job in question and performed her duties without significant issue or controversy.

14. On or about February 1st, 2026, new supervisor Dominguez began to supervise Plaintiff's department.

15. On or about February 18th, 2026, Plaintiff informed Defendant's Human Resources Department ("HR") of her serious health condition, which required her to take time off to take care of her condition.  Her condition constitutes a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11), as it involves continuing treatment by a health care provider and periodically renders Plaintiff unable to perform the functions of her job.

16. Plaintiff requested intermittent FMLA leave to HR, and HR approved Plaintiff's intermittent FMLA leave.  This was communicated to Supervisor Dominguez.

17. Approximately two (2) days after Plaintiff engaged in statutorily protected activity by requesting intermittent FMLA leave, Supervisor Dominguez falsely accused Plaintiff of being "lazy", "slow" and of "not knowing how to do her job".  Supervisor Dominguez also demanded that Plaintiff work "off the clock".

18. Plaintiff was not in agreement with Supervisor Dominguez's accusations, given the fact that Plaintiff had previously performed the same job for years without any issue.  Nevertheless, Plaintiff was being retaliated against for having turned in her intermittent FMLA leave paperwork.

19. On or about March 17th, 2026, Supervisor Dominguez ordered Plaintiff to begin training a new employee to perform Plaintiff's duties.  Supervisor Dominguez continued to subject Plaintiff to a hostile work environment after Plaintiff had submitted her intermittent FMLA paperwork.

20. Plaintiff was off on Thursday, March 19th and Friday, March 20th, 2026, due to the strong side-effects of the medications she was taking for her serious health condition.  On both days, Plaintiff called in early morning to the special telephone number the company assigned for employees.

21. On Monday, March 23rd, 2026, Plaintiff went back to work as usual at 9AM.  At approximately 9:30AM, Plaintiff again engaged in statutorily protected activity by complaining to the company's Vice President, Karin Olguin, about mistreatment and retaliation from Supervisor Dominguez, due to her serious health condition and request for FMLA leave.  Plaintiff also requested to be transferred to another department.

22. In response, Vice President Olguin advised Plaintiff that she would immediately address the issues she raised with Supervisor Dominguez.

23. At approximately 10AM, on that same day, after speaking with Vice President Olguin, Supervisor Dominguez called Plaintiff into the HR office.  Plaintiff was then provided with a disciplinary form falsely alleging that she had committed a mistake in the performance of her duties and was asked to turn in her company ID, terminating Plaintiff's employment.

24. Prior to her termination, Plaintiff provided Defendant with sufficient notice of her need for FMLA leave, as the circumstances permitted, by informing management of her condition and symptoms at the time, as well as turning in the requisite FMLA paperwork. Plaintiff had also previously informed Defendant of her ongoing serious health condition.

25. At the time of her termination, Plaintiff had worked for Defendant for over one year, had worked at least 1,250 hours in the preceding 12-month period, and was otherwise eligible for FMLA protections.

26. Defendant's termination of Plaintiff interfered with her FMLA rights and was in retaliation for her exercise or attempted exercise of those rights.

27. Defendant's actions were willful, as evidenced by its prior knowledge and approval of Plaintiff's absence related to her serious health condition, and its disregard for her Federally protected rights.

28. Therefore, on or about March 23rd, 2026, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family and Medical Leave Act were violated.

29. Defendant ION is subject to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits

of a protected FMLA leave and then continuing her job in her original position or an equivalent position.

30. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2), which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

31. As a direct and proximate cause of Defendant's denial of Plaintiff's FMLA rights, Plaintiff lost her employment as described above.

32. Because of Defendant's willful, wanton, and malicious acts, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

33. Plaintiff seeks to recover damages pursuant to the Family and Medical Leave Act and any other remedy as allowable by law.

## COUNT I:
## VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993; <u>INTERFERENCE WITH FMLA RIGHTS</u>

34. Plaintiff CASTRO realleges and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35. This is an action against Defendant ION for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

36. At all times relevant and material, Defendant ION was an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant as always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75-mile radius of the facility where Plaintiff worked.

37. Plaintiff CASTRO is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

38. Plaintiff, CASTRO, was employed by Defendant ION from approximately April 17th, 2017 to March 23rd, 2026, or approximately 9 years.

39. Plaintiff worked as a Banding Machine Operator for the Defendant. During her employment, Plaintiff was paid at the hourly rate of $19.10 per hour.

40. Throughout her employment with Defendant, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

41. On or about February 1st, 2026, new supervisor Dominguez began to supervise Plaintiff's department.

42. On or about February 18th, 2026, Plaintiff informed Defendant's Human Resources Department ("HR") of her serious health condition, which required her to take time off to take care of her condition.  Her condition constitutes a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11), as it involves continuing treatment by a health care provider and periodically renders Plaintiff unable to perform the functions of her job.

43. Plaintiff requested intermittent FMLA leave to HR, and HR approved Plaintiff's intermittent FMLA leave.  This was communicated to Supervisor Dominguez.

44. Approximately two (2) days after Plaintiff engaged in statutorily protected activity by requesting intermittent FMLA leave, Supervisor Dominguez falsely accused Plaintiff of being "lazy", "slow" and of "not knowing how to do her job".  Supervisor Dominguez also demanded that Plaintiff work "off the clock".

45. Plaintiff was not in agreement with Supervisor Dominguez's accusations, given the fact that Plaintiff had previously performed the same job for years without any issue.  Nevertheless, Plaintiff was being retaliated against for having turned in her intermittent FMLA leave paperwork.

46. On or about March 17th, 2026, Supervisor Dominguez ordered Plaintiff to begin training a new employee to perform Plaintiff's duties.  Supervisor Dominguez continued to subject Plaintiff to a hostile work environment after Plaintiff had submitted her intermittent FMLA paperwork.

47. Plaintiff was off on Thursday, March 19th and Friday, March 20th, 2026, due to the strong side-effects of the medications she was taking for her serious health condition.  On both days, Plaintiff called in early morning to the special telephone number the company assigned for employees.

48. On Monday, March 23rd, 2026, Plaintiff went back to work as usual at 9AM.  At approximately 9:30AM, Plaintiff again engaged in statutorily protected activity by complaining to the company's Vice President, Karin Olguin, about mistreatment and retaliation from Supervisor Dominguez, due to her serious health condition and request for FMLA leave.  Plaintiff also requested to be transferred to another department.

49. In response, Vice President Olguin advised Plaintiff that she would immediately address the issues she raised with Supervisor Dominguez.

50. At approximately 10AM, on that same day, after speaking with Vice President Olguin, Supervisor Dominguez called Plaintiff into the HR office.  Plaintiff was then provided with a disciplinary form falsely alleging that she had committed a mistake in the performance of her duties and was asked to turn in her company ID, terminating Plaintiff's employment.

51. Prior to her termination, Plaintiff provided Defendant with sufficient notice of her need for FMLA leave, as the circumstances permitted, by informing management of her condition and symptoms at the time, as well as turning in

the requisite FMLA paperwork. Plaintiff had also previously informed Defendant of her ongoing serious health condition.

52. Therefore, on or about March 23rd, 2026, Plaintiff was wrongfully terminated, and her rights under the Family and Medical Leave Act provisions were violated.

53. Defendant took materially adverse actions against Plaintiff and terminated her employment and benefits because she intended to exercise rights protected under the FMLA.

54. Defendant ION is subject to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

29 US CODE § 2615 states in the pertinent part:

**a) Interference with rights**
**1) Exercise of rights**
It shall be unlawful for any Employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
**(2) Discrimination**
It shall be unlawful for any Employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

55. Under the FMLA, eligible employees are entitled to take up to 12 weeks of unpaid, job-protected leave during any 12-month period for, among other reasons, a serious health condition that makes the employee unable to perform

the functions of their job. This includes intermittent leave when medically necessary.

56. Defendant interfered with Plaintiff's FMLA rights by, among other things: (a) failing to recognize Plaintiff's time off, as protected FMLA leave; (b) terminating her employment for taking such leave; and (c) failing to restore her to her position or an equivalent position upon her return on March 23rd, 2026.

57. Defendant ION willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2).

58. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

59. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CASTRO respectfully requests that this Honorable Court grant judgment:

A. Finding that Defendant ION'S actions towards Plaintiff are violative of Plaintiff's rights under the FMLA;

B. Awarding Plaintiff CASTRO payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including reasonable Attorney's fees.

<u>Demand for a Jury Trial</u>

Plaintiff CASTRO demands a trial by jury of all issues triable as a matter of fact.

**COUNT II:**
**VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993**
**<u>RETALIATION FOR EXERCISING FMLA RIGHTS</u>**

60. Plaintiff Juana Paulino realleges and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

61. This is an action against Defendant ION for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

62. At all times relevant and material, Defendant ION was an Employer under the FMLA, as defined in 29 USC § 2611(4).

63. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce and employed 50 or more employees within a 75-mile radius of the facility where Plaintiff worked.

64. Plaintiff CASTRO is a qualified female member of the protected class within the purview of 29 USC Section 2601, the Family & Medical Leave Act.

65. Plaintiff, CASTRO, was employed by Defendant ION from approximately April 17th, 2017 to March 23rd, 2026, or approximately 9 years.

66. Plaintiff worked as a Banding Machine Operator for the Defendant.  During her employment, Plaintiff was paid at the hourly rate of $19.10 per hour.

67. Throughout her employment with Defendant, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

68. On or about February 1st, 2026, new supervisor Dominguez began to supervise Plaintiff's department.

69. On or about February 18th, 2026, Plaintiff informed Defendant's Human Resources Department ("HR") of her serious health condition, which required her to take time off to take care of her condition.  Her condition constitutes a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11), as it involves

continuing treatment by a health care provider and periodically renders Plaintiff unable to perform the functions of her job.

70. Plaintiff requested intermittent FMLA leave to HR, and HR approved Plaintiff's intermittent FMLA leave. This was communicated to Supervisor Dominguez.

71. Approximately two (2) days after Plaintiff engaged in statutorily protected activity by requesting intermittent FMLA leave, Supervisor Dominguez falsely accused Plaintiff of being "lazy", "slow" and of "not knowing how to do her job". Supervisor Dominguez also demanded that Plaintiff work "off the clock".

72. Plaintiff was not in agreement with Supervisor Dominguez's accusations, given the fact that Plaintiff had previously performed the same job for years without any issue. Nevertheless, Plaintiff was being retaliated against for having turned in her intermittent FMLA leave paperwork.

73. On or about March 17th, 2026, Supervisor Dominguez ordered Plaintiff to begin training a new employee to perform Plaintiff's duties. Supervisor Dominguez continued to subject Plaintiff to a hostile work environment after Plaintiff had submitted her intermittent FMLA paperwork.

74. Plaintiff was off on Thursday, March 19th and Friday, March 20th, 2026, due to the strong side-effects of the medications she was taking for her serious health condition. On both days, Plaintiff called in early morning to the special telephone number the company assigned for employees.

75. On Monday, March 23rd, 2026, Plaintiff went back to work as usual at 9AM. At approximately 9:30AM, Plaintiff again engaged in statutorily protected activity by complaining to the company's Vice President, Karin Olguin, about mistreatment and retaliation from Supervisor Dominguez, due to her serious health condition and request for FMLA leave. Plaintiff also requested to be transferred to another department.

76. In response, Vice President Olguin advised Plaintiff that she would immediately address the issues she raised with Supervisor Dominguez.

77. At approximately 10AM, on that same day, after speaking with Vice President Olguin, Supervisor Dominguez called Plaintiff into the HR office. Plaintiff was then provided with a disciplinary form falsely alleging that she had committed a mistake in the performance of her duties and was asked to turn in her company ID, terminating Plaintiff's employment.

78. Prior to her termination, Plaintiff provided Defendant with sufficient notice of her need for FMLA leave, as the circumstances permitted, by informing management of her condition and symptoms at the time, as well as turning in the requisite FMLA paperwork. Plaintiff had also previously informed Defendant of her ongoing serious health condition.

79. Under the FMLA, it is unlawful for an employer to discharge or otherwise discriminate against an employee for opposing any practice made unlawful by the FMLA or for exercising or attempting to exercise FMLA rights.

80. Plaintiff engaged in protected activity under the FMLA by requesting intermittent FMLA leave, due to her serious health condition, and later by complaining about retaliation for having requested FMLA leave.

81. Defendant retaliated against Plaintiff by terminating her employment on March 23rd, 2026, shortly after she engaged in this protected activity.

82. There is a causal connection between Plaintiff's protected activity and her termination, as the adverse action occurred within close temporal proximity and was pretextually based on an alleged "mistake at work" despite Plaintiff meeting all of her goals and working without significant issue or controversy prior to her leave.

83. Plaintiff was wrongfully terminated from her position in retaliation for her ability to exercise her rights under the Act, thereby adversely affecting Plaintiff.

84. Defendant ION is subject to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff, violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

> § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.
>
> **(a)** The FMLA prohibits interference with an employee's rights under the law and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

**(1)** An Employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

**(2)** An Employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

85. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family and Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualified serious health condition and then continuing her job in her original position or any equivalent position.

86. Defendant willfully and wantonly denied or otherwise interfered with and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family and Medical Leave Act.

87. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

88. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CASTRO respectfully requests that this Honorable Court grant judgment:

A. Finding that Defendant ION'S actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

B. Awarding Plaintiff CASTRO payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable Attorney's fee.

<u>Jury Demand</u>

Plaintiff CASTRO demands a trial by a jury of all issues triable as a right by jury.

Dated:  May 7th, 2026

Respectfully submitted,

By: */s/ Katherine Montaner-Simpson*
Katherine Montaner-Simpson, Esq.
Florida Bar No.: 449090
**SIMPSON & MENA, P.A.**
2250 SW Third Avenue
Suite 501
Miami, FL 33129

Telephone: (305) 912-7665
**katherine@simpsonmenalaw.com**
*Attorney for Plaintiff*