UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA CASTRO,

      Plaintiff,

v.                                                          Case No. 8:26-cv-01402-WFJ-NHA

ION LABS, INC.,

      Defendant.

_____/

## **ORDER**

Plaintiff's motion for entry of Clerk's default against Defendant Ion Labs, Inc. (Doc. 10) is granted.

In this action, Plaintiff brings a single claim under the Family Medical Leave Act against Ion Labs, her former employer, alleging that Ion Labs violated that statute by refusing her request for a medically necessary leave of absence and by terminating her for taking such leave. Doc. 5.

Plaintiff filed a return of service purporting to show that Ion Labs was served with the summons and the complaint on May 13, 2026. Doc. 9. On July 1, 2026, Plaintiff moved for Clerk's default against Ion Labs. Doc. 10.[1]

---

[1] Plaintiff's motion fails to comply with Local Rule 3.01(b), which requires motions to include "a statement of the basis for the request, and a legal memorandum supporting the request." In this instance, the Court's review of the docket makes clear that Plaintiff is entitled to the relief she seeks,

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment.*" In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations. It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). A corporation may also be served by following state law in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).

Section 48.081 of the Florida Statutes governs service of process on corporations in Florida. That statute sets forth a hierarchy of persons who may

---

but Plaintiff is cautioned that any future motions which fail to comply with the Local Rules will likely be denied on that basis.

accept service on a corporation's behalf. Subsection (2) directs plaintiffs to first attempt service on the corporation's registered agent. *See* Fla. Stat. § 48.081(2). If the registered agent is a company rather than a natural person, a plaintiff may serve the process on any employee of the registered agent. Fla. Stat. § 48.091(4).

Here, the return of service demonstrates that Plaintiff served Ion Labs on May 13, 2026, by serving a copy of the summons and complaint on Donna Moch. Doc. 9. The return of service indicates that Donna Moch is an employee of CT Corporation System, the registered agent of Ion Labs. *Id*. Records of the Florida Department of State, Division of Corporations, confirm CT Corporation System is the registered agent of Ion Labs.[2] Thus, by serving an employee of the registered agent, Plaintiff has served Defendant in accordance with Sections 48.081 and 48.091 of the Florida Statutes.

Ion Labs had until June 8, 2026, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P.

---

[2] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "The court may take judicial notice at any stage of the proceeding." FED. R. EVID. 201(d).

12(a)(1)(A). Ion Labs has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff had until July 6, 2026, to move for Clerk's default, and Plaintiff timely did so on July 1, 2026 (Doc. 10).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 16) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant Ion Labs, Inc.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

**ORDERED** on July 8, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

4